SCOTT ET AL., APPELLANTS, *v.* REINIER ET AL.,
APPELLEES. ■

[Cite as Scott v. Reinier (1978), 60 Ohio App. 2d 289.]

(No. 77AP-903—Decided April 13, 1978.)

*Mr. William J. Brown,* attorney general, and *Mr. Paul L. Cox,* for appellants.

*Messrs. Zwerdling & Maurer,* and *Mr. Ronald H. Janetzke,* for appellee James A. Reinier.

HOLMES, P. J. This matter involves the appeal of a judgment of the Court of Common Pleas of Franklin County, which dismissed an appeal from the State Personnel Board of Review on the basis that the court had no right of review under R. C. 124.34. The basic facts which gave rise to the hearing before the hearing officer, the review by the State Personnel Board of Review, the appeal to the Common Pleas Court and the appeal to this court, are that on July 1, 1976, the appellee James A. Reinier, a delivery worker, classified as Delivery Worker 2 at Ohio State University, had been making a delivery by truck to one of the halls on the campus,

accompanied by another employee, one Arthur Clark. After making the delivery and returning to the truck, they could not get it started. Appellee Reinier notified the radio dispatcher that the truck would not start, and requested assistance. After waiting a few minutes, Reinier advised the dispatcher that he and Clark were going to leave the vehicle. They then left the truck with the ignition keys inside, the evidence being in conflict as to whether they were left on the floor or in the ignition. Appellee Reinier and Clark went back to the dispatching area.

At the time of leaving the truck, the evidence would show that the truck contained a number of valuable items, including typewriters and some arms for the campus police. The record would show that the truck was not locked, either the cab doors or the door to the storage area.

After an investigation of the incident, the appointing authority issued a removal order, ostensibly pursuant to R. C. 124.34, effective July 16, 1976, removing Reinier for neglect of duty as a result of this incident. The removal order cited other incidents for which Reinier had been punished in order to establish a pattern of the prior disciplinary measures assessed against him. The co-worker was given a verbal reprimand for the incident.

There was a hearing before a hearing examiner of the State Board of Personnel, and he issued a report and recommendation which modified the removal of Reinier to a thirty-day suspension for the reason that Arthur Clark, his co-worker, had received only an oral reprimand, creating a disparity in disciplinary action. The appellants filed objections to the hearing examiner's report and recommendation and, on June 22, 1977, the State Personnel Board of Review accepted and adopted the report and recommendation of the hearing examiner. Thereafter, the appellants filed a notice of appeal with the State Personnel Board of Review and, subsequently, the Franklin County Common Pleas Court issued its decision on October 12, 1977, and dismissed the appeal *sua sponte* for lack of jurisdiction.

Thereafter, the appellants filed an appeal with this court, setting forth the following assignments of error:

"1. The Franklin County Common Pleas Court erred to the prejudice of the appellants in deciding that an appointing

authority has no right of appeal from a decision of the State Personnel Board of Review.

"2. The Franklin County Common Pleas Court erred to the prejudice of the appellants in deciding that it had no jurisdiction to hear an appeal brought by an appointing authority from an order of the State Personnel Board of Review.

"3. The Franklin County Common Pleas Court erred to the prejudice of the appellants in deciding that the order of the State Personnel Board of Review was lawful."

Basically, the decision of the Common Pleas Court of Franklin County ruled that it had no jurisdiction to hear the appeal from an appointing authority from an order of the State Personnel Board of Review. The decision was based upon the fact that the appointing authority had no right of appeal, pursuant to the holding in *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41.

The question presented to the Common Pleas Court and to this court is where a case involves a removal order of an appointing authority, and, after a hearing by the State Personnel Board of Review there is a modification of the order to that of a suspension, is the suspension order appealable?

We feel that the answer to such question is set forth not only in the statute itself, but in the interpretation of such statute by the Supreme Court in *State, ex rel. Osborn,* v. *Jackson,* wherein the Supreme Court, in interpreting an appeal under R. C. Chapter 119, in accordance with R. C. 124.34, stated, at 49:

"***In fact, the General Assembly gave both the employee and the director a right of appeal in those instances where it so intended and did not give the right of appeal where it so intended. In R. C. 124.34, the pertinent language reads as follows:

" 'In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review to the Court of Common Pleas of the county in which the employee resides in accordance with the procedure provided by Section 119.12 of the Revised Code.' "

R. C. 124.34, as interpreted by the Supreme Court of Ohio, gives the appointing authority the right to appeal

removal orders but not suspension orders to the Common Pleas Court of the county of the employee's residence. It is also our interpretation that under this section, while the State Personnel Board of Review has the power to modify or disaffirm the judgment of the appointing authority, the character of the appointing authority's original order determines whether the case is a "removal case" appealable under R. C. 124.34, or a "suspension case" which is not appealable. The Board may modify the penalty assessed by the appointing authority or disaffirm it in its entirety, but the Board may not change the basic nature of the "removal case" to that of a "suspension case," or a "reinstatement case." Such a change would alter the statutory appellate authority of the appointing body, and would effectively deny an appeal of the Board's decision which is in direct conflict with the express terms of the statute. To this extent, we disagree with the holding in *Diebler* v. *Denton* (1976), 49 Ohio App. 2d 303.

Based on the foregoing, we hold that the first and second assignments of error of the appellant appointing authority are hereby sustained.

As to the third assignment of error, claiming that the Franklin County Court of Common Pleas erred to the prejudice of the appellants in deciding that the order of the State Personnel Board of Review was lawful, we set forth the finding of facts and the conclusions of law and recommendation of the hearing examiner of the State Personnel Board of Review which were accepted by the Board:

*"Finding of Facts*

"1. Counsel have stipulated that this Board has jurisdiction to hear and decide this case.

"2. Appellant, prior to July 1, 1976 was a delivery worker 2, Ohio State University. His duties were to deliver to various campus buildings supplies and merchandise according to a route furnished by his supervisor.

"3. That on July 1, 1976, the appellant, accompanied by Arthur Clark, also Delivery Worker 2 had made a delivery to Drake Hall, Ohio State University campus at about 3:00 P.M. and that upon returning to the truck it failed to start. Efforts to get the truck started were to no avail. The appellant by radio notified the dispatcher that the truck would not start and requested assistance. After waiting a few minutes, ap-

pellant advised the dispatcher that he and Clark were leaving the vehicle and returning to headquarters.

"4. That the appellant left the truck unattended with the ignition keys on the floor, contrary to written policy of his department of which policy appellant had knowledge.

"5. That at the time of leaving the truck unattended it had merchandise as cargo. The truck had no door locks nor tailgate locks.

"6. That appellant was removed from his position as a result of this incident, but Clark, who was with him received only an oral reprimand.

### "Conclusion of Law

"Appellant was guilty of neglect of duty by leaving his vehicle unattended in violation of written policy of his department.

### "Recommendation

"That the order of removal be modified to a 30 working day suspension. The evidence is that the truck had no locks, either door locks or rear compartment locks. The appellant violated the written policy of the department, but his fellow worker Mr. Clark, also a Delivery Worker 2 received only an oral reprimand. The great disparity in disciplinary action requires a modification."

The appellants argue that since appellee Reinier was found guilty of an offense which was "an adequate basis for removal," the Board of Review has no statutory power to substitute its discretion for that of the appointing authority and modify the removal order; and there is no disagreement that the offense alleged in the removal order actually occurred. Further the appellants argue that the Personnel Board of Review can only review the action taken by the appointing authority and determine whether any of the protections granted in the civil service laws have been denied.

It is our view that the State Personnel Board of Review does indeed have the authority, upon review of all the facts presented to it, to modify the removal order to that of a suspension order. However, the Board, and its hearing officers, must also take into consideration all of the factors involved in the original order of the appointing authority concerned with the removal order. Here, the hearing examiner

excluded all the evidence related to the past infractions of the employee, and prevented the appellants on a number of occasions from introducing evidence of prior disciplinary action which went into the determination of the appointing authority as to the removal order. It would appear from the facts that the appointing authority wished to present evidence as to the disparity between the disciplinary action as meted out to this employee and to the co-worker who was with Reinier on the date in question. It appears that such evidence tended to show that the disparity had been occasioned by prior infractions of Reinier who had been given numerous penalties and opportunities to correct his behavior. Further, it can be noted that the removal order significantly set forth the occasions as referred to and the prior punishment that had been meted out. Therefore, Reinier certainly was aware of the basis upon which the removal order had been issued.

Therefore, the third assignment of error is also sustained.

Based upon all of the foregoing, we hereby hold that the judgment of the Common Pleas Court of Franklin County was in error, and that the court did have jurisdiction to hear the appeal. Further, we hold, as the Common Pleas Court should have held that the matter be remanded to the State Personnel Board of Review for a hearing on the matter of whether there was an appropriate basis for the appointing authority's determination of removal of this employee. Accordingly, this matter is remanded to the Common Pleas Court for further proceedings according to law and this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and REILLY, JJ., concur.