MAIDEN, APPELLEE, *v.* FAYETTE COUNTY BOARD OF RETARDATION & DEVELOPMENT DISABILITIES, APPELLANT.

(No. CA83-08-017—Decided February 21, 1984.)

*Mr. James L. Butler,* for appellee.
*Mr. James A. Kiger,* prosecuting attorney, for appellant.

FUERST, J. The issue in this case is whether, after an appointing authority has determined that a state employee was guilty of neglect of duty and has discharged that employee, the State Personnel Board of Review can modify the disposition by ordering a fifteen-day suspension without pay where it affirms the adjudication of neglect of duty.

Patricia J. Maiden, the appellee, was employed as a Workshop Specialist I at the Fayette Progressive School in Fayette County, Ohio. Between December 1981 and November 1982, appellee had received a written reprimand, oral counseling, a three-day suspension and a five-day suspension for tardiness and absenteeism.

On October 29, 1982, appellee called her supervisor and advised that she would not be in for work that day. On November 2, 1982, appellee failed to report for work and failed to call her supervisor.[1] Members of the staff of the Fayette Progressive School are required to notify the school when they are unable to report for work. Though no set time is established, employees are asked to report as soon as possible. However, appellant failed to call at all. After a hearing, the administrative law judge agreed with the appointing authority that appellee's failure to contact her employer on November 2, 1982, constituted neglect of duty as that term is used in R.C. 124.34.[2]

The administrative law judge also stated:

"While I find that Appellant is guilty of neglect of duty in this case, I find that the Appointing Authority's choice of discipline constitutes an abuse of discretion. The Appellant clearly requested a disability leave shortly before the absence which gave rise to her removal. Admin. R. 123:1-33-02(B) and (C) provide, in pertinent part, that:

" '(1)  For employees not eligible to receive disability leave benefits a leave of absence without pay due to a disabling illness, injury, or condition may be granted by an appointing authority with the approval of the director for a period of up to six months upon the presentation of evidence as to the prob-able date for return to active work status.

" '* * *

" 'A medical examination or satisfactory written documentation substantiating the cause, nature, and extent of the disabling illness, injury, or condition shall be required prior to the granting of a leave of absence or disability separation unless the employee is hospitalized at the time the leave of absence is to begin or the disability separation is given. * * *'

"In the instant case, Appellant attempted to give the Appointing Authority medical documentation substantiating her illness. The Appointing Authority chose not to accept Appellant's request for a disability leave on the grounds that she requested the leave during a prior disciplinary process. Nothing in the Administrative Rules of the Department of Administrative Services suggests that an Appointing Authority can refuse to review a request for a leave of absence due to illness on the grounds that the employee requested the leave while the Appointing Authority was considering a suspension for absenteeism.

"IT IS, THEREFORE, RECOMMENDED that Appellant's removal be MODIFIED to a fifteen (15) day suspension."

The appellant filed objections to the administrative law judge's report and recommendation on February 17, 1983. The State Personnel Board of Review

---

[1] The report of the administrative law judge refused to entertain certain evidence described in the order of discharge prepared by the appointing authority, stating that hearsay evidence was used to support certain allegations and that there was no showing that hearsay evidence relied upon was either reliable or necessary. The evidence related to attempts made by appellee's supervisor to contact her throughout the day of November 2 and is not crucial to our resolution of this case.

[2] R.C. 124.34 reads, in pertinent part:

"The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be * * * removed, except as provided in section 124.32 of the Revised Code, and for * * * neglect of duty * * *."

(the "board") issued an order on February 23, 1983, which stated that the board had reviewed the report and recommendation and the objections thereto, adopted the recommendation of the report, and ordered that appellee's removal be modified to a fifteen-day suspension.

Appellant then appealed the order of the board to the Court of Common Pleas of Fayette County, Ohio. Judge Evelyn W. Coffman, in a July 25, 1983 entry, denied the appeal, holding that, on the basis of *Scott* v. *Reinier* (1978), 60 Ohio App. 2d 289 [14 O.O.3d 256], affirmed (1979), 58 Ohio St. 2d 67 [12 O.O.3d 80], the board had the authority to modify appellee's penalty from a discharge to a fifteen-day suspension. This court's jurisdiction was then invoked by the timely initiation of this appeal.

Appellant's sole assignment of error is set forth as follows:

"The Court of Common Pleas of Fayette County, Ohio, erred to the prejudice of the Board of Mental Retardation in dismissing their [*sic*] appeal and affirming the decision of the State Personnel Board of Review."

Appellant's argument is, essentially, that its finding of neglect of duty was a "lawful order" made pursuant to R.C. 124.34 and that the board has no authority to modify the punishment chosen by an appointing authority where the adjudication was "lawful." Appellant cites *Jackson* v. *Coffey* (1977), 52 Ohio St. 2d 43 [6 O.O.3d 156], as the controlling authority on this issue.

The board's powers and duties are established in R.C. 124.03 which states, in part, that:

"* * * (A) The board may affirm, disaffirm, or modify the decisions of the appointing authorities * * * and its decision is final."

Though this statute was revised in 1981, there was no change in the words "affirm, disaffirm or modify" from the pre-existing statute.

The right of a terminated employee to appeal an order of discharge to the board is found in R.C. 124.34.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review * * *. In the event such an appeal is filed, the board * * * shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board * * * and it may affirm, disaffirm, or modify the judgment of the appointing authority." This statute was rewritten in 1979 without a change in the words "affirm, disaffirm, or modify."

We do not find *Jackson, supra,* relied upon by appellant, to be controlling. In *Jackson,* the appointing authority removed one Coffey from his position for engaging in partisan politics in violation of R.C. 124.57. The board found that Coffey violated R.C. 124.57, but disaffirmed the removal order because it was not "* * * implemented within a reasonable time." *Jackson, supra,* at 43. The Supreme Court held that the board acted contrary to law in disaffirming a lawful removal order on the basis that such order was not issued within a reasonable time, stating that:

"Nowhere in R.C. Chapter 124 does such a rule or provision exist, and the board was in error to have employed it." *Id.* at 46.

There is some language in *Jackson* supportive of the broad, general rule advanced by appellant as the court states, at 45, that:

"Simply because R.C. 124.03 provides that the State Personnel Board of Review may affirm, disaffirm, or modify the decisions of the appointing authorities, does not imply that the board may, in its discretion, overrule lawful decisions made by the appointing authority."

However, as Justice Sweeney explained in *State, ex rel. Ogan,* v. *Teater*

(1978), 54 Ohio St. 2d 235, 245-246 [8 O.O.3d 217]:

"The director's contention that the State Personnel Board of Review may only disaffirm layoff orders of the appointing authority where it finds that the appointing authority abused his discretion is clearly in error. The General Assembly, in enacting R.C. 124.03(A), gave the board broad powers in reviewing final decisions of the appointing authorities. *By providing that the board may affirm, disaffirm, or modify the decisions of the appointing authority relative to layoff, the General Assembly has authorized the board to disaffirm layoff orders not only where it finds that the appointing authority acted arbitrarily, unreasonably or unlawfully, but also where it finds from an independent review of the layoff that the decisions made and actions taken by the appointing authority regarding the layoff of employees were improper or unnecessary.*

"The above holding in no way conflicts with this court's holding in *Jackson v. Coffey, supra.* * * * *This court held that the board erred in disaffirming the order, not because the board could never disaffirm otherwise lawful orders issued by the appointing authority, but because the board itself was obligated to carry out the statutory provisions proscribing classified employees from engaging in political activity.* The court in effect held that the review powers granted the board under R.C. 124.03(A) did not place the board above the law. *The cited language from the case cannot be read out of context.*" (Emphasis added.)

In *Scott, supra*, the facts of which are essentially the same as those involved herein, the appointing authority argued that since Reinier was found guilty of an offense which was "an adequate basis for removal," the board had no statutory power to substitute its discretion for that of the appointing authority and modify the removal order. *Id.* at 293. The Tenth District Court of Appeals held that the board, "upon review of all the facts presented to it," has the authority to modify a removal order to that of a suspension order. *Id.* at 293.

If the term "modify" in R.C. 124.03 and 124.34 is to be given any meaning, then it must be that the board, upon a proper review of all the factors affecting the appointing authority's removal order, has the authority to accept the adjudication, but may "modify" the punishment.

The board does not base its decision, as this court must, on a "cold" record. R.C. 124.03(G)[3] empowers the board to subpoena witnesses, hold hearings and listen to testimony of what led up to the action taken by the appointing authority. The board in this case had the benefit of a report and recommendation by an administrative law judge who observed the witnesses and heard the testimony. The board properly considered all the evidence and found that, while the appellee was negligent, there were mitigating circumstances which required a less severe penalty. It appears to this court that this is the very reason the board is given the statutory authority to "modify" such an order — to permit an objective third party to hear the evidence and change an unduly harsh

---

[3] R.C. 124.03(G) provides that the board has the power:

"To subpoena and require the attendance and testimony of witnesses and the production of books, papers, public records, and other documentary evidence pertinent to any matter which it has authority to investigate, inquire into or hear in the same manner and to the same extent as provided by division (E) of section 124.09 of the Revised Code and all witness fees shall be paid in the manner set forth in said division;"

R.C. 124.09 empowers the Director of Administrative Services to hear testimony and hold hearings and to thoroughly investigate any matter which he had the authority to inquire into.

punishment if necessary. If the adjudication is improper, the board will simply disaffirm the entire decision of the appointing authority.

Accordingly, we find appellant's sole assignment of error to be without merit and the same is hereby overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.

FUERST, J., of the Common Pleas Court of Cuyahoga County, sitting by assignment in the Twelfth Appellate District.