STEINBACHER, ADMR., OHIO BUREAU
OF EMPLOYMENT SERVICES,
APPELLANT, *v.* LOUIS, APPELLEE.

(No. 51751—Decided
March 2, 1987.)

*Anthony J. Celebrezze, Jr.,* attorney general, *Patrick A. Devine* and *John F. Kozlowski,* for appellant.
*Floyd B. Oliver,* for appellee.

NAHRA, P.J. Effective March 8, 1985, Kathryn A. Louis was removed from her position as a Claims Examiner 2 at the Ohio Bureau of Employment Services (hereinafter "OBES"). She was removed for neglect of duty, nonfeasance and insubordination by the appointing authority of OBES, the appellant herein.

She appealed her removal to the State Personnel Board of Review (hereinafter the "board"), which conducted an administrative hearing before a hearing officer. At the hearing, Louis testified that she had been employed by OBES for fourteen years, and that her duties consisted of working the counter, helping claimants, working in the mailroom and screening and preparing the claimants for the benefit rights interview. She stated that in late December 1984, she was trained to conduct the benefit rights interview.

She testified that on January 30, 1985, upon arrival at work, she informed her two supervisors that she needed to leave early to take her husband to the doctor. She claimed she gave a leave request form to her immediate supervisor, but the supervisor testified he never saw the formal request.

She further testified that, due to the illness of a co-worker, she was asked to conduct the benefit rights interview on January 30. Testimony showed the room was overcrowded and the crowd unruly. Louis asked for assistance from her supervisor, but a co-worker was sent. After conducting the interview, at 10:00 a.m., she left work and did not return that day.

Both supervisors testified Louis was upset about the interview and stated she was going home. She was warned disciplinary action would be taken if she left. Louis previously had received a written reprimand in 1983, a written reprimand in 1984 and a three-day suspension in 1980.

The hearing officer found that Louis did leave her place of employment before the completion of her shift without the permission of her supervisor and was informed of the consequence of that action. The hearing officer found that the stress created by the new duties and unruly crowd did not justify her unauthorized departure. However, the hearing officer recommended a fifteen-day suspension in lieu of the removal, in light of her long service with OBES and her "negligible previous discipline."

The board affirmed the recommendation of the hearing officer. OBES appealed to the court of common pleas,

which affirmed the order of the board. OBES has timely appealed that decision.

I

The appellant's first assignment of error is:

"The court below erred in affirming the order of the State Personnel Board of Review since said order was not in accordance with law."

The appellant contends that the board through its modification of the removal of the appellee has attempted to enact a rule of "progressive discipline" and "length of employment" through adjudication, rather than by compliance with the agency rule-making procedures as set forth in R.C. 119.03. Therefore, the appellant argues, the board did not act in accordance with the law and its decision must be reversed.

The State Personnel Board of Review derives its power to promulgate rules of procedure from R.C. 124.03 (F):

"The state personnel board of review shall exercise the following powers and perform the following duties:

"* * *

"(F) Adopt rules in accordance with Chapter 119. of the Revised Code, relating to the procedure of the board in administering the laws which it has the authority or duty to administer * * *[.]"

R.C. 119.03 mandates specific procedures to be followed by an agency in the adoption of a rule, including reasonable public notice and a public hearing. Pursuant to R.C. 119.02, the failure of an agency to comply with the necessary procedures invalidates any rule adopted. *Hansen* v. *State Personnel Bd. of Review* (1977), 51 Ohio App. 2d 7, 13, 5 O.O. 3d 118, 122, 364 N.E. 2d 1386, 1391.

The appellant contends that the board based its modification on a progressive disciplinary scheme, for which there is no board rule enacted pursuant to R.C. 119.03. In the Report and Recommendation of the State Personnel Board of Review, the hearing officer concluded:

"The appellee, Ohio Bureau of Employment Services, has established the underlying facts of this disciplinary action by a preponderance of the evidence. Unquestionably (and by her own admission), the appellant left the work site without the permission of her supervisor and with the knowledge that her departure would result in disciplinary action. While appellant may have been under some stress due to her having been assigned new duties and having to cope with an unruly crowd, these circumstances did not warrant her leaving the job site without the permission of her supervisor.

"However, in view of appellant's long service with the Bureau and her negligible previous discipline, I do not believe removal is warranted in this case. Appellant has 14 years['][service] with the agency. During that time, she has only received two (2) written reprimands and a three (3) day suspension. At the time this incident took place, the suspension was almost five (5) years old. Removal at this time is not consistent with a progressive disciplinary scheme. Accordingly, I RECOMMEND that the removal order be DISAFFIRMED and that the appellant be suspended for fifteen (15) working days in lieu thereof."

This court finds that the board did not base its modification on a required procedural rule not properly enacted pursuant to R.C. Chapter 119. The appellee's length of service and prior disciplinary background were only factors considered by the board in its determination of the appropriate penalty. The hearing officer never stated she was bound by a progressive disciplinary

rule. She merely used that analysis in considering the mitigating factors in this particular case.

This interpretation is consistent with the adjudicatory power granted to the board pursuant to R.C. 124.03 and 124.34. Those statutes provide in pertinent part:

"The state personnel board of review shall exercise the following powers and perform the following duties:

"(A) Hear appeals * * * of employees in the classified state service from final decisions of appointing authorities * * * relative to * * * discharge * * *. The board may affirm, disaffirm, or modify the decisions of the appointing authorities * * *." (R.C. 124.03[A].)

"[T]he employee may file an appeal * * * with the state personnel board of review * * *. * * * [T]he board * * * may affirm, disaffirm, or modify the judgment of the appointing authority." (R.C. 124.34.)

The board has authority to independently review the evidence and determine whether the removal was necessary or improper. As the Ohio Supreme Court explained in *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, 245, 8 O.O. 3d 217, 222-223, 375 N.E. 2d 1233, 1240:

"* * * The General Assembly, in enacting R.C. 124.03(A), gave the board broad powers in reviewing final decisions of the appointing authorities. By providing that the board may affirm, disaffirm, or modify the decision of the appointing authority relative to layoff, the General Assembly has authorized the board to disaffirm layoff orders not only where it finds that the appointing authority acted arbitrarily, unreasonably or unlawfully, but also where it finds from an independent review of the layoff that the decisions made and actions taken by the appointing authority regarding the layoff of employees were improper or unnecessary."

The board's power to modify the decision of an appointing authority includes the authority to modify a removal order to a suspension order. As the Twelfth District Court of Appeals reasoned in *Maiden* v. *Fayette Cty. Bd. of Retardation* (1984), 16 Ohio App. 3d 196, 199-200, 16 OBR 211, 214, 475 N.E. 2d 135, 138-139:

"If the term 'modify' in R.C. 124.03 and 124.34 is to be given any meaning, then it must be that the board, upon a proper review of all the factors affecting the appointing authority's removal order, has the authority to accept the adjudication, but may 'modify' the punishment.

"The board does not base its decision, as this court must, on a 'cold' record. R.C. 124.03(G) empowers the board to subpoena witnesses, hold hearings and listen to testimony of what led up to the action taken by the appointing authority. The board in this case had the benefit of a report and recommendation by an administrative law judge who observed the witnesses and heard the testimony. The board properly considered all the evidence and found that, while the appellee was negligent, there were mitigating circumstances which required a less severe penalty. It appears to this court that this is the very reason the board is given the statutory authority to 'modify' such an order — to permit an objective third party to hear the evidence and change an unduly harsh punishment if necessary. * * *" (Footnote omitted.)

As in *Maiden,* the board in the instant case properly considered all the evidence and found that, while the charges were proven, certain mitigating factors called for a less severe penalty. Regardless of the wording in the report, the modification was not based upon an improperly enacted

rule, but rather was based upon a proper consideration of the particular extenuating circumstances in the case.

The appellant's first assignment of error has no merit.

## II

The appellant's second assignment of error is:

"The court below erred in affirming the order of the State Personnel Board of Review since said order was not based on reliable, probative and substantial evidence."

The appellant argues that the modification by the board was not based on reliable, probative and substantial evidence.

As stated in Part I, the board has statutory authority to modify disciplinary decisions of state agencies. If an appeal is taken from the board's order to a common pleas court, "[t]he court may affirm the order of the agency * * * if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *" R.C. 119.12. R.C. 119.12 has been interpreted to mean that where the court finds the supporting evidence, it can only affirm and "has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." *Henry's Cafe, Inc.* v. *Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O. 2d 177, 163 N.E. 2d 678, paragraph three of the syllabus. Where the evidence supports the board's order, the court may not substitute its judgment for that of the board. *State, ex rel. Ogan,* v. *Teater, supra,* at 246-247, 8 O.O. 3d at 223, 375 N.E. 2d at 1241.

The evidence in this case supports the board's decision to suspend the appellee rather than to remove her. The evidence reveals that the appellee left her job site under stress due to her new duties and the necessity of dealing with an unruly crowd. The hearing officer stated that these circumstances did not justify her departure, but did not warrant her removal. Considering the appellee's long service with OBES and her negligible prior discipline, the board's decision to suspend, rather than remove the appellee, was supported by the evidence and within its statutory right to modify the penalty.

The appellant's second assignment of error fails.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL and DAVID T. MATIA, JJ., concur.