TRAUB, Appellant,

v.

WARREN COUNTY BOARD OF COMMISSIONERS, Appellee.

[Cite as *Traub v. Warren Cty. Bd. of Commrs.* (1996), 114 Ohio App.3d 486.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE03-290.

Decided Sept. 30, 1996.

*Holbrock, Jonson, Evans & Olivas* and *Timothy R. Evans*, for appellant.

*Timothy A. Oliver*, Warren County Prosecuting Attorney and *Michael E. Powell*, Assistant Prosecuting Attorney, for appellee.

PEGGY BRYANT, Judge.

Appellant, Spencer Traub, appeals from a judgment of the Franklin County Court of Common Pleas reversing an order of the State Personnel Board of Review ("SPBR") and reinstating the twenty-day suspension that appellee, Warren County Board of Commissioners, imposed on appellant.

Appellant has been employed as a zoning inspector for Warren County since May 1987. On June 10, 1994, appellant's scheduled work hours were from 8:00 a.m. to 4:30 p.m. After arriving at his office, appellant completed some paperwork and then around 10:00 a.m. left to perform some duties in the field. At approximately 11:15 a.m., appellant called Margaret Beckett, the secretary at the zoning department and informed her he would be taking the rest of the day off; appellant asked her to clock him out. Appellant proceeded to the River Downs racetrack, where he worked that afternoon as a parimutuel clerk at a betting window.

On returning to work the following Monday, Beckett asked appellant whether he wanted to account for his absence the previous Friday afternoon by using sick leave or vacation leave; appellant replied he wanted to use sick leave. Beckett noted on appellant's time card that appellant used 4.5 hours of sick time for June 10, 1994, and later transferred the information to a payroll form.

After discovering that appellant had used sick leave in that manner, appellee sent appellant a "Notice of a Pre–Disciplinary Hearing," which stated:

"On Friday, June 10, 1994, you called into the Office (Building & Zoning) at approximately 11:15 a.m., indicating that you were ill and were taking the remainder of the day off. On that same afternoon, you worked at River Downs Race Track at Ticket Window # 3, such being, at least in part, during the time of day you are regularly scheduled to work for the County. This action constitutes a Group III violation of Warren County Personnel Policy—making false claims or misrepresentations in an attempt to obtain any County benefit (the benefit being sick leave)."

Appellant executed a written waiver of his predisciplinary hearing, which stated:

"I am in receipt of a 'Notice of Pre–Disciplinary Hearing,' indicating that I am to appear before [the Warren County Personnel Officer] on July 27, 1994, at 3:00 p.m., in the Commissioners' Meeting Room to discuss a certain allegation of misconduct against me.

"I am hereby electing to waive my opportunity to have a pre-disciplinary hearing and do admit that the allegation, as described within the above-stated Notice, is true."

Appellee found appellant guilty of committing the charged offense and imposed a twenty-day suspension for the violation. Appellant filed an appeal with the SPBR.

The matter was referred to a hearing officer, who held a hearing and issued a report and recommendation. The hearing officer found that appellee failed to prove that appellant committed the Group III offense of making a false claim or misrepresentation to obtain sick leave, since appellant did not claim to be sick on June 10, 1994; he instead told the zoning department's secretary he would use sick time to cover his absence on that date. Further concluding that appellee was obligated to prove that appellant was aware of the county's sick leave policy and had received a copy of it in order to find him guilty of the violation, the hearing officer found that appellee failed to meet its burden since appellant was not given a copy of the county's personnel manual until after this incident had occurred, and had not been informed of the proper use of sick leave.

Despite finding that appellant had not committed the offense that appellee had accused him of, the hearing officer nonetheless determined that appellant was "not completely blameless" in this matter. Because the proper uses of sick leave were set forth in R.C. 124.38, the hearing officer decided that appellant could not use ignorance of the law as an excuse, but instead had to be "held accountable to at least be aware of the existence of the laws that pertain to him." However, the hearing officer also found that appellant's culpability was mitigated under the evidence presented. Accordingly, the hearing officer recommended that appellant's punishment be reduced from a twenty-day suspension to a written reprimand. In a split decision, the SPBR approved the hearing officer's report and recommendation. Appellee appealed the SPBR's order to the Franklin County Common Pleas Court.

After noting that everyone who had made a determination on this case agreed that appellant violated the law regarding use of sick leave,[1] the trial court defined the issue before it: whether the SPBR's decision to follow the hearing officer's recommendation and lessen appellant's punishment was supported by reliable, probative, and substantial evidence. The trial court concluded that it was not, because appellant had constructive notice of the proper use of sick leave under R.C. 124.38(C), even if he was unaware of the county's personnel policy. Accordingly, the trial court reinstated appellant's twenty-day suspension. Appellant appeals, arguing in his sole assignment of error:

"The court of common pleas erred in reversing the decision of the state personnel board of review."

▆▆▆ When reviewing an order from the SPBR, a common pleas court must determine if the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12. When reviewing the decision of the common pleas court as to factual matters, this court is limited to determining whether the trial court abused its discretion in determining whether the administrative decision is supported by reliable, probative, and substantial evidence. *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.* (1993), 92 Ohio App.3d 585, 588, 636 N.E.2d 407, 409–410. As to matters of law, however, this court is not limited to an abuse-of-discretion standard, since the common pleas court does not exercise discretion as to such issues. *Westfall v. Ohio Dept. of Commerce* (Jan. 25, 1994), Franklin App. No. 93AP–1067, unreported, 1994 WL 21860. Instead, this court must make its own determination of the law to be applied to the facts in the case. *Franklin Cty. Bd. of Commrs., supra.*

---

1. Appellant was not charged with violating the state law regarding misuse of sick leave. Moreover, the hearing officer found that appellant did not violate the provision with which he was charged.

■ Here, appellant was charged with the Group III offense of making a false claim or misrepresentation to obtain a county benefit, paid sick leave, which carried a potential penalty of terminating appellant's employment. The hearing officer expressly found that appellant was not guilty of the charged offense.

The hearing officer predicated her decision on two grounds. She first concluded that appellant did not make a false claim or misrepresentation to anyone at the county, as he never told anyone he was sick, but instead told the secretary at the zoning department he wanted to use sick leave to cover his absence on June 10, 1994.[2] The hearing officer's rationale is unconvincing. When appellant accounted for his absence from work by using sick leave, he impliedly represented that he was using sick leave for an appropriate purpose. If appellant was not using sick leave for a proper purpose when he used it to account for his absence, he was indeed making a false claim or misrepresentation.

However, the hearing officer also found appellant not guilty of the charged offense because appellee had failed to make appellant aware of the county's policy on sick leave. Her conclusion is supported by evidence that appellant was not given a copy of the county's personnel manual before this incident had occurred, nor had he ever been instructed on the proper use of sick leave. Moreover, if the hearing officer was correct in reaching a finding of not guilty on that basis, then appellant should not have had any punishment imposed against him, and the hearing officer's recommendation to impose any punishment against appellant was error.

Nonetheless, the hearing officer found that appellant had constructive notice of the proper use of sick leave through R.C. 124.38, and could not claim ignorance of that provision. Thus, although the hearing officer expressly stated in her "conclusions of law" that appellant was not guilty of the charged offense, she apparently found some other, uncharged violation, albeit one requiring a lesser penalty than that imposed by appellee.[3]

Despite the somewhat complicated posture of this case concerning appellant's actions in using sick leave, the sole issue raised in appellant's appeal is the same issue addressed in the common pleas court: punishment. Appellant asserts that the common pleas court erred in reversing the punishment modification the SPBR made on these facts.

---

2. While appellant "admitted" the charge against him, including the allegation that he called the office indicating he was sick, the evidence before the hearing officer would allow her to conclude appellant's "admission" was not knowing, and thus to find contrary to that "admission."

3. Appellant did not cross-appeal that aspect of the hearing officer's decision to the common pleas court.

The hearing officer cited several reasons for mitigating appellant's punishment, including that appellant (1) had never been made aware of the proper uses of sick leave, (2) had been completely honest at all times and had no intent to defraud the county, and (3) had no previous disciplinary record. Underlying the hearing officer's conclusion were factual determinations that "[i]t was a common practice under the tenure of [appellant's former supervisor] and apparently under the tenure of [appellant's current supervisor], for employees to use sick leave when they were going to be gone for one or two days from the office, for whatever reason." Indeed, appellant's former supervisor testified that that was the unspoken common understanding between management and the employees.

The SPBR has the authority to modify an appointing authority's punishment of a classified employee if it considers the punishment to be unduly harsh in light of mitigating circumstances present in the case. *Scott v. Reinier* (1978), 60 Ohio App.2d 289, 292, 14 O.O.3d 256, 258, 396 N.E.2d 1041, 1043–1044; *Maiden v. Fayette Cty. Bd. of Retardation* (1984), 16 Ohio App.3d 196, 199–200, 16 OBR 211, 213–214, 475 N.E.2d 135, 138–139; *Steinbacher v. Louis* (1987), 36 Ohio App.3d 68, 70, 520 N.E.2d 1381, 1383–1384. Where there is reliable, probative, and substantial evidence supporting the SPBR's order modifying the punishment meted out by the appointing authority, the trial court may not substitute its judgment for that of the SPBR. *Id.* at 71, 520 N.E.2d at 1384.

Here, the common pleas court rejected appellant's ignorance of the proper uses of sick leave as a circumstance mitigating his culpability, finding that appellant had constructive notice of the proper uses of sick leave pursuant to R.C. 124.38(C); in so doing, the common pleas court ignored the other mitigating factors the hearing officer cited. Specifically, the hearing officer also found that appellant acted honestly at all times in dealing with the matter, and did not intend to defraud the county by his actions. Additionally, the hearing officer noted that appellant had no previous disciplinary record. As there is evidence in the record to support these findings, especially in the customary use of sick leave in appellant's office, the evidence of record supports the SPBR's order lessening appellant's twenty-day suspension to a written reprimand. *Id.* The trial court abused its discretion when it substituted its judgment for that of the SPBR concerning appellant's punishment.

Finally, appellee claims that appellant should have been precluded from contesting his guilt on the offense with which he was charged, as appellant waived his predisciplinary hearing and admitted the allegations contained in the notice of predisciplinary hearing. However, by waiving his predisciplinary hearing, appellant did not waive his right of appeal to the SPBR. Furthermore, as noted, the hearing officer in effect found appellant guilty of an offense involving the misuse of sick leave. As the common pleas court noted, the only issue actually remaining

was the extent of the punishment.   Neither appellant's waiver nor his admission affected his right to challenge the extent of his punishment.

Accordingly, appellant's sole assignment of error is sustained.   The judgment of the trial court is reversed, and the cause is remanded with instructions to reinstate the SPBR's order disaffirming appellant's twenty-day suspension and imposing a written reprimand in its place.

*Judgment reversed*
*and cause remanded.*

PETREE, P.J., and DESHLER, J., concur.