OPINION
The Ohio Bureau of Employment Services appeals the judgment of the Court of Common Pleas of Fairfield County, which affirmed a decision of the State Personnel Board of Review. The Board modified the Bureau's termination of appellee Roberta J. Pysher and modified her discipline to a three-month suspension. The Bureau assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE COURT OF COMMON PLEAS SHOULD HAVE REVERSED A STATE PERSONNEL BOARD OF REVIEW DECISION REVERSING THE EMPLOYER'S DECISION TO REMOVE AN EMPLOYEE FROM ITS EMPLOYMENT, WHERE RELIABLE, PROBATIVE OR SUBSTANTIAL EVIDENCE SUPPORTED REMOVAL OF THE EMPLOYEE.
The record indicates Appellee had worked for the Bureau since 1981, but worked for other state agencies since 1970. At the time of the incident, appellee was an Employment Services Supervisor 3. Appellee had received good performance evaluations throughout her employment with the Bureau, including a performance evaluation for months prior to her termination. No one disputes Appellee had an acrimonious relationship with her supervisor, Margarita Phillips. The animosity between the women resulted in several disciplinary actions against appellee. On three days in June of 1996, Appellee ignored specific instructions to meet with Phillips to prepare a joint meeting agenda for a staff meeting. Rather than meet with Phillips, appellee first submitted an agenda without Phillip's input. Thereafter, the parties' supervisor instructed appellee to meet with Phillips. Instead, appellee left work, claiming illness. The following day, appellee left work after being instructed to meet with Phillips. Eventually, after being given notice an investigatory interview would take place regarding her refusal to meet with Phillips, appellee met with her to prepare the agenda.
After administrative hearings, the Bureau removed appellee for insubordination and disruption of the workplace. The Board reviewed the matter, and agreed the evidence supported the allegations of failure of good behavior and insubordination, but modified appellee's removal to a three-month suspension. The Board found although appellee was insubordinate, the actions of the Bureau showed it was not without fault. The Board found the Bureau should not have placed Phillips in a position of authority over appellee because they were equal in classification and because management was aware the two did not get along. The Board found the Bureau had chosen to avoid confronting the problem, and although there had been many incidents, the Bureau only disciplined appellee.
SPBR has the authority under R.C. 124.34 to modify a removal order if it finds the charges are proven but certain mitigating factors are also proven, warranting a reduction in the penalty, see Steinbacher v. Louis (1987), 36 Ohio App.3d 68; Maiden v.Fayette County Board of Retardation and Developmental Disabilities
(1984), 16 Ohio App.3d 196.
R.C. 119.12 provides in pertinent part:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section.
 The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505, of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.
The Board found the allegations proven, but found mitigating circumstances warranted modification.
The Bureau argues the common pleas court abused its discretion in affirming the Board's decision to reinstate appellee. In order to modify the Bureau's order removing appellee, the State Personnel Board of Review had to find the evidence did not support the Bureau's action. Here, the Board found the evidence supported the allegations of failure of good behavior and insubordination, but nevertheless, it did not affirm the Bureau's termination of appellee. Instead, based upon its additional finding the evidence also showed the Bureau was not without fault, the Board modified Appellee's disciplinary action. Thus, the Bureau argues the Board's action was improper, and the common pleas court should have reversed the Board's decision and reinstated the Bureau's original disciplinary action, that is, appellee's firing.
In response, appellee cites us to University of Cincinnati v.Conrad (1980), 63 Ohio State 2d 108. In Conrad, the Supreme Court directed courts of common pleas to give deference to the administrative resolution of evidentiary conflicts. The Supreme Court noted when the evidence before the court consists of conflicting testimony of approximately equal weight, the common pleas court should defer to the determination of the administrative body, which, acting as the finder of fact, had the opportunity to determine the credibility and weight of the evidence, Conrad at 111.
The Bureau argues the Board made a factual error in its decision when it found appellee and Phillips were of equal classification. In fact, this was incorrect, but when brought to the Board's attention, it affirmed its prior ruling. As appellee asserts, however, the decision clearly notes the Board understood Phillips was appellee's supervisor. While both women performed the same functions, Appellee supervised employees at employment level 28 while Phillips supervised employees at level 27. Appellee argues the only manner in which Phillips was superior to appellee was on the organizational chart. We find any misstatement of the Board did not affect the outcome of this case.
We have reviewed the record, and we find there was evidence presented before the Board which supports the Board's decision to modify the Bureau's action. The Board, not the court of common pleas, and certainly not this court, was able to determine the weight and credibility of the evidence. We find there was sufficient competent and credible evidence supporting the Board's conclusion, and for this reason, we find the common pleas court did not err in affirming the Board's decision.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J. and Edwards, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0225
JUDGMENT ENTRY
CASE NO. 98-CA-0054
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.
______________________________
______________________________
 ______________________________ JUDGES