This action in mandamus is presently before this court for final consideration of the parties' competing motions for summary judgment. As the sole basis for their motion, respondents, the Mahoning County Board of Elections and its four individual members, assert that judgment should be rendered in their favor on the entire mandamus petition because they have no legal obligation to perform the specific act which relator, Tyler M. Miller, seeks to compel. For the following reasons, we conclude that respondents' motion for summary judgment has merit.
Our review of the parties' respective pleadings and evidential materials shows that the basic facts of the instant action are not in dispute. Respondents constitute the public entity which has the statutory obligation to supervise all election activity in Mahoning County, Ohio. Relator is a resident of Boardman Township, which is located within the territorial limits of Mahoning County. Accordingly, respondents have the authority under R.C. 3501.11 to determine, inter alia, whether relator has met the requirements to be a qualified elector in their county.
Relator was born on May 18, 1984. Since relator was aware that he would become eighteen years old before the November 2002 general election could be held, he took the necessary steps in early February 2002 to register as a voter in Mahoning County. His registration was accepted by respondents
Shortly after registering to vote, relator submitted a declaration of his intent to be a candidate for the position of the Republican Party Central Committeeman for Precinct 50 of Mahoning County. Initially, respondents accepted the declaration and certified his candidacy on the ballot for the May 2002 primary election. However, on March 4, 2002, respondents received a protest concerning the candidacy from the Mahoning County Republican Party. The protest contended that the declaration should be rejected because relator was not qualified to be elected to the position of central committeeman. Respondents immediately informed relator of the protest and scheduled a hearing on the matter for March 14, 2002.
At the conclusion of the scheduled hearing, respondents essentially decided that the Republican Party's protest had merit. Specifically, respondents concluded that relator could not be a candidate for central committeeman because, since the primary election would be held on May 7, 2002, relator would be only seventeen years old at the time of the election. Stated differently, respondents held that relator's candidacy was improper because he was not a "qualified elector" of Precinct 50. Based upon this, respondents rejected relator's declaration and indicated that his name would not appear upon the ballot for the May 7, 2002 election.
Upon receiving official notice of respondents' decision, relator initiated the instant action in mandamus. In his petition, relator asserted that respondents' rejection of his declaration was inconsistent with the provisions of the Ohio Revised Code governing a candidacy for the position of party central committeeman. For his ultimate relief in the action, relator sought the issuance of an order requiring respondents to place his name upon the ballot for the May 2002 primary election.
After respondents had answered the mandamus petition, the parties submitted their competing motions for summary judgment. In support of their respective motions, each side attached to their submission one item of evidential material. Relator attached his own affidavit, in which he stated his version of the underlying facts. Respondents filed the affidavit of Michael V. Sciortino, the Director of the Mahoning County Board of Elections. In his affidavit, Sciortino gave a description of the proceedings respondents held in ruling upon the protest and rejecting relator's declaration of candidacy.[1]
As was previously noted, our review of the respective pleadings and evidential materials indicates that there is no dispute as to the material facts of this case. Specifically, the parties agree that: (1) relator has satisfied the residence requirement for being a proper candidate for the Republican Party Central Committeeman of Precinct 50; (2) relator has met the requirement for registering to vote in Mahoning County; (3) relator has filed a valid declaration of his candidacy for the position; and (4) relator will not become eighteen years old until eleven days after the date of the primary election. Therefore, to render a final decision in this action, this court must resolve the following legal issue: Can a person be a candidate for the position of party central committeeman when he will be only seventeen years old on the date of the election?
In his motion for summary judgment, relator argues that, since the Ohio Revised Code contains provisions which allow a seventeen-year-old person to vote in a primary election if he will become eighteen years old before the date of the general election in that same year, it follows that the seventeen-year-old person is properly qualified to be a candidate in the primary election. In response, respondents contend in their motion that the statutory provisions governing the right to vote in a primary election are simply irrelevant to whether a seventeen-year-old person has the right to be elected to a public office.
As a preliminary matter, this court would note that many states in this country have concluded that a committeeman for a political party does not hold a "public office." See State ex rel. McCurdy v. DeMaioribus (1967),9 Ohio App.2d 280, 282. However, the Supreme Court of Ohio has stated that, under the laws of this state, the position of a party central committeeman is a public office. Jackson v. Coffey (1977),52 Ohio St.2d 43, 44. This holding is predicated upon the fact that, under R.C. 305.02(B), a party central committee has the ability to appoint individuals to county offices under limited circumstances. Id. Thus, in determining whether relator is qualified to be a candidate for party central committeeman, we must apply the same constitutional and statutory provisions which govern a person's right to hold a public office in this state.
As respondents aptly note in their summary judgment motion, Section 4, Article XV of the Ohio Constitution provides that a person cannot be elected or appointed to an office unless he has the qualifications of an "elector." In turn, Section 1, Article V, which governs a person's right to vote, defines the term "elector" in the following manner:
 "Every citizen of the United States, of the age of eighteen years, who has been a resident of the state, county, township or ward, such time as may be provided by law, and has been registered to vote for thirty days, has the qualifications of an elector, and is entitled to vote at all elections. * * *"
The Ohio Revised Code contains provisions which are similar to the foregoing constitutional requirements. R.C. 3517.02 states that each member of a county central committee must be a resident and "qualified elector" of the precinct or ward which he intends to represent. In turn, R.C. 3503.01 provides that a person has the qualifications of an elector when: (1) he is a citizen of the United States; (2) he has been a resident of this state for at least thirty days prior to the next election; (3) he presently resides in the county and precinct in which he intends to vote; (4) he has been registered to vote for at least thirty days; and (5) he is at least eighteen years old.
The application of the foregoing constitutional and statutory provisions to the facts of this case is a relatively simple exercise. In interpreting the age requirement of the prior versions of the constitutional provisions, the Ohio Attorney General has indicated that the day of the general election is the date which must be employed in calculating whether a person is a "qualified elector" for purposes of voting in an election. See 1941 Ohio Atty.Gen.Ops. No. 4013. In light of this method of calculation, it logically follows that, in order to be a qualified elector for purposes of having the right to hold public office, a person must attain the required age on, or before, the date upon which he will be elected to the office in question. Thus, since relator in the instant case will not be eighteen years old on the date upon which the election for the position of county central committeeman will be held, it also follows that he cannot be a candidate in this particular election because he is ineligible to hold a public office under Section 4, Article XV of the Constitution.
In essentially attempting to rebut the foregoing analysis, relator refers to the fact that R.C. 3503.011 expressly provides that a seventeen-year-old person is allowed to vote in a primary election if his eighteenth birthday will occur on, or before, the date of the next general election. Based upon this, relator asserts that if a seventeen-year-old person has the ability to vote in a primary election, it should follow that he should be considered a qualified elector for purposes of holding a public office.
As to this argument, this court would note that the provisions of R.C.3503.011 would appear to conflict with the specific requirements of Section 1, Article V of the Ohio Constitution, to the extent that it allows a seventeen-year-old person to vote in an election. However, inState ex rel. Webber v. Felton (1908), 77 Ohio St. 554, the Supreme Court of Ohio concluded that the constitutional provision governing the right to vote is not applicable to primary elections. As the basis for this conclusion, the court stated that "* * * a primary election held merely to name the candidates of a political party is not an election within the meaning of this section of the constitution." Id. at 578.
In essence, the provisions of R.C. 3503.011 redefines the term "qualified elector" for the purposes of the right to vote in a primary election, since it changes the age requirement for voting. In now asserting that the provisions of R.C. 3503.011 give him the right to be a candidate for county central committeeman, relator is basically asking this court to use this new definition in determining his eligibility to be elected to this position. However, relator's right to hold a public office, such as the position of party central committeeman, is not governed by R.C. 3503.011 or any other statute; instead, that right is governed solely by Section 4, Article XV of the Ohio Constitution. Thus, in light of the fact that, pursuant to Webber, the primary election is a distinct type of election which is governed solely by statutory law, logic dictates that the requirements for the right to vote under R.C.3503.011 is simply irrelevant for determining whether relator is a qualified elector for purposes of Section 1, Article V and Section 4, Article XV.
The foregoing conclusion is supported by the underlying logic inWebber. The Webber court expressly stated that the constitutional provision concerning the right to vote did not apply to a primary election because the purpose of such an election was to determine which candidate would represent the political party in the general election. Clearly, the election for county central committeeman does not serve this purpose. If a candidate for county central committeeman defeats his competitors during the primary election, he does not merely win the right to run against another competitor in the general election. Instead, he has won the "final" election for the position and is entitled to hold the public office.
Even though the competition for county central committeeman occurs as part of the primary election during an even-numbered year, the results of the competition has the same effect as the results of a competition in the general election. Under these circumstances, it follows that the provisions of R.C. 3503.011 should not be applied in deciding whether a candidate for county central committeeman is eligible to hold that position. Rather, the relevant provisions of the Ohio Constitution are controlling.
Pursuant to Section 1, Article V of our state constitution, a person can be a qualified elector for purposes of having the right to vote if,inter alia, he has attained the age of eighteen on, or before, the date of the general election. Since a person's right to hold a public office under Section 4, Article XV turns solely upon whether he is a qualified elector, this court concludes that a person cannot be elected to a public office if he is only seventeen years old on the date of the final election for the position. Therefore, because relator could be elected to the position of party central committeeman based solely upon the results of the primary election, the fact that he will only be seventeen years old on the date of that election renders him ineligible to hold that office.
To be entitled to a writ of mandamus, the relator in such an action must prove that: (1) he has no other adequate legal remedy of law; (2) he has a clear legal right to the relief he seeks; and (3) the respondent has a clear legal duty to perform the act at issue. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 441. Accordingly, when the respondent in a mandamus action moves for summary judgment, he will be entitled to prevail on the motion if, in regard to any of the foregoing three elements, he can satisfy the following standard: (1) there is not dispute as to any material fact in the case; (2) the nature of the evidential materials are such that, even if the materials are viewed in a manner most favorable to the relator, a reasonable person could only reach a conclusion adverse to the relator; and (3) the respondent is entitled to judgment as a matter of law. Welco Industries, Inc. v.Applied Cos. (1993), 67 Ohio St.3d 344, 346.
Pursuant to the foregoing analysis, this court concludes that respondents have satisfied the summary judgment standard in relation to the second and third elements of relator's mandamus claim. Specifically, we hold that respondents have no legal duty to place relator's name on the May 7, 2002 ballot for the position of Republican Party Central Committeeman because relator cannot satisfy the constitutional requirements for holding a public office at that time. Stated differently, respondents are entitled to prevail in this action because relator has no legal right to stand for election for the position of central committeeman.
Therefore, respondents' motion for summary judgment is granted. It is the order of this court that judgment is hereby entered in favor of respondents, the Mahoning County Board of Elections, Mark Munroe, Robert Wasko, Clarence J. Smith, and Michael J. Morley, as to the entire mandamus claim set forth in relator's mandamus petition.
Ford, P.J., Christley, J., and Nader, J., concurs.
[1] Although irrelevant to our ultimate holding in this case, we would note that the Sciortino affidavit was accompanied by a copy of a "Declaration of Candidacy" respondents received from a person named Zachary John P. Miller. While it appears likely that Zachary Miller is related to relator, Zachary's declaration is not relevant to any of the issues raised in relator's mandamus petition. Furthermore, since the Sciortino affidavit does not contain any reference to Zachary's declaration, it appears likely that the copy of the declaration was attached to the affidavit by accident. Finally, this court would indicate that, as part of his affidavit, Sciortino stated that relator's declaration of candidacy was in the form expressly required by the Ohio Revised Code; as a result, respondents do not dispute the fact that relator filed a proper declaration of candidacy for the position.