[Cite as *Licking Cty. Veterans Servs. Comm. v. Holmes*, 2020-Ohio-3294.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LICKING COUNTY VETERANS SERVICES COMMISSION | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19-CA-75 |
| | : | |
| MICHAEL A. HOLMES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No.
2018CV00543

JUDGMENT:                               REVERSED

DATE OF JUDGMENT ENTRY:        June 10, 2020

APPEARANCES:

For Plaintiff-Appellee:                              For Defendant-Appellant:

BENJAMIN S. ALBRECHT                        BYRON L. POTTS
ANGELICA M. JARMUSZ                          BYRON L. POTTS & CO. L.P.A.
FISHEL HASS KIM et al.                          761 South High St.
7775 Walton Parkway, Ste. 200                Columbus, OH 43206
New Albany, OH 43054

*Delaney, J.*

{¶1}   Appellant Michael A. Holmes appeals from the July 15, 2019 Judgment Entry of the Licking County Court of Common Pleas.   Appellee is the Licking County Veterans Service Commission (LCVSC).

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Appellant was hired by the LCVSC in 2009 as a "Veteran's Service Officer" (VSO), a classified position.   On January 1, 2013, appellant was appointed Executive Director of the LCVSC, an unclassified position. According to the Licking County Government Personnel Policy, unclassified employees serve at the pleasure of the appointing authority and may be terminated or otherwise separated from employment for any reason not inconsistent with law.   Appellant's certificate of appointment stated that he was to work in a dual capacity as both Director and VSO.   The parties agree that appellant did not lose his civil service protection in the hybrid position.

{¶3}   The following facts are adduced from the record of the hearing conducted on January 22 and 23, 2018, before the State Personnel Board of Review (SPBR).

{¶4}   The LCVSC provides need-based financial aid to veterans of Licking County for subsistence.

{¶5} LCVSC removed appellant from the hybrid position of Executive Director/VSO effective January 26, 2017, upon a finding that he was at fault for 15 violations of applicable policies and/or statutes.   The R.C. 124.34 Order indicates appellant was removed for insubordination, incompetency, neglect of duty, malfeasance, nonfeasance, and violation of work rules.

{¶6}   LCVSC's complaints were condensed into the following four categories by the Administrative Law Judge (ALJ):

* * * *.

1. Appellant failed to review aid awards with due diligence. Per the LCVSC, appellant should have noticed that a subordinate embezzled $39,000 over a two-year period.

2. Appellant exceeded his expenditure authority by dispensing higher levels of aid without seeking prior approval from the LCVSC for deviation.

3. Appellant exceeded his approval authority by dispensing aid for non-qualifying items without seeking prior permission from LCVSC for deviation. This comprised a mattress, a lift chair, and storage rental fees. Appellant also defied the LCVSC by dispensing aid to an applicant whose request was rejected by LCVSC.

4. Appellant did not keep up with his office work including mail which led to delayed reporting (including burials) and delayed awards of aid.

* * * *.

Report and Recommendation, 3.

{¶7}   The ALJ noted appellant suffers from a fundamental misunderstanding of his role at the LCVSC: he believes the agency's policies grant him total discretion, when in fact his decisions are subject to oversight and approval by the LCVSC.   This

misunderstanding is amplified by the fact that appellant received a written reprimand in 2014 putting him on notice that the agency demanded "strict adherence" to policy.

{¶8} The ALJ observed that appellant felt stifled by the LCVSC and went his own way on important decisions, including giving money to a veteran to get his tools of trade out of storage, funding a lift chair for a veteran, and giving immediate cash assistance exceeding lifetime caps. In taking these actions, appellant was found to have intentionally refused oversight by the LCVSC.

{¶9} Due to appellant's admissions of insubordination and his position that he "takes orders from no one," appellant could not feasibly continue in the position of Executive Director. However, the ALJ continued:

> * * * *.
>
> That said, with some angst, I recommend that [a]ppellant should get one last chance to demonstrate that he will perform faithfully to LCVSC in the purely ministerial role of VSO. This is due in part because he gave nearly 10 years of passionate service to veterans, and did so with great effectiveness for much of it. Too, his prior discipline level, consisting solely of a written reprimand, is minor. Finally, with a new Director, LCVSC can adequately reestablish oversight of its application process.
>
> Also, very importantly, [LCVSC] failed to prove by a preponderance that a reasonable person standing in the Director's shoes would have noticed and put a stop to the embezzlement by another employee any sooner than occurred. The record supports

an inference that LCVSC proximately acquiesced to [a]ppellant's decentralization of the aid application and award process. [Footnotes omitted].

\* \* \* \*.

Though reasonable minds may differ, under the totality of the circumstances, I cautiously believe that a reduction and lengthy time served suspension will better serve the dictates of progressive discipline more fairly in this case. I am hopeful that, if [a]ppellant is reduced exclusively to a VSO position, he will understand that his discretion is naught and his duty is one of heedfulness to LCVSC.

\* \* \* \*.

Report and Recommendation, 5-6.

{¶10} The ALJ issued his report and recommendations on March 20, 2018, finding appellant was guilty of insubordination within the meaning of R.C. 124.34. The ALJ recommended, however, that LCVSC's order of removal should be modified to reduction to VSO with a time-served suspension and no back pay.

{¶11} On April 2, 2018, LCVSC filed its objections to the Report and Recommendations pursuant to O.A.C. 124-15-02. Appellant filed a response in opposition.

{¶12} On May 10, 2018, the SPBR issued an Order adopting the ALJ's recommendations.

{¶13} On May 23, 2018, the LCVSC filed a notice of appeal to the Licking County Court of Common Pleas and a motion to suspend execution of the SPBR's order.

{¶14} On July 15, 2019, the Licking County Court of Common Pleas reversed the decision of the SPBR, finding that progressive discipline, i.e. demoting appellant to VSO, was inconsistent with the finding that appellant was guilty of insubordination. Therefore, the trial court ruled, the decision of the SPBR was arbitrary and not in accordance with law and the LCVSC was entitled to terminate appellant's employment.

{¶15} Appellant now appeals from the trial court's Judgment Entry of July 15, 2019.

{¶16} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶17} "THE TRIAL COURT ERRED IN REVERSING THE DECISION OF THE STATE PERSONNEL BOARD OF REVIEW (SPBR) BASED ON FINDING THAT THE DECISION OF THE SPBR WAS ARBITRARY AND NOT IN ACCORDANCE WITH LAW."

**ANALYSIS**

{¶18} In his sole assignment of error, appellant argues the trial court erred in reversing the decision of the SPBR. We agree.

{¶19} The trial court determined the SPBR's finding that appellant was insubordinate was supported by reliable, probative, substantial evidence, but that the recommendation to permit appellant to remain employed as a VSO was not. In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. *1st Class Driving Academy v. State*, 5th Dist. Knox No. 09CA000006, 2009-Ohio-5174, ¶ 22. Such evidence has been defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be

reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value." *Id.*, citing *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571, 589 N.E.2d 1303 (1992).

{¶20} In determining evidentiary conflicts, the Ohio Supreme Court in *University of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 407 N.E.2d 1265 (1980), directed courts of common pleas to give deference to the administrative resolution of such conflicts. The Supreme Court noted when the evidence before the court consists of conflicting testimony of approximately equal weight, the common pleas court should defer to the determination of the administrative body, which, acting as the finder of fact, had the opportunity to determine the credibility and weight of the evidence. *Conrad* at 111.

{¶21} On appeal to this Court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992). In reviewing the trial court's determination that the decision of the SPBR was arbitrary and not in accordance with law, this Court's role is limited to determining whether the trial court abused its discretion. *Roy v. Ohio State Med. Bd.*, 80 Ohio App.3d 675, 680, 610 N.E.2d 562 (10th Dist.1992). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  In *Pons v. Ohio State Medical Board,* 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993), Justice Francis Sweeney discussed

our standard of review as follows: "The appellate court is to determine only if the trial court has abused its discretion, *i.e.,* being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [administrative body], or a trial court. Instead, the appellate court must affirm the trial court's judgment." *Renner v. Tuscarawas Cty. Bd. of Commrs.*, 5th Dist. Tuscarawas No. 2002AP100077, 2003-Ohio-405, ¶ 12, appeal not allowed, 99 Ohio St.3d 1412, 2003-Ohio-2454, 788 N.E.2d 648, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264 (1988).

{¶22} Upon review of the factors underlying an appointing authority's removal order, the SPBR has the authority to affirm the adjudication, but may "modify" the punishment. (R.C. 124.03 and 124.34, construed.) *Maiden v. Fayette Cty. Bd. of Retardation & Dev. Disabilities*, 16 Ohio App.3d 196, 475 N.E.2d 135 (12th Dist.1984). In the instant case, the SPBR affirmed the finding of insubordination, but modified the punishment from removal to demotion to VSO and a time-served suspension.

{¶23} If the SPBR changes the removal order of an appointing authority to one of suspension, the Court of Common Pleas of the employee's residence has jurisdiction to hear an appeal by the appointing authority. See, *Scott v. Reinier*, 60 Ohio App.2d 289, 396 N.E.2d 1041 (10th Dist.1978).

{¶24} As noted supra, upon review of an order from the SPBR, a common pleas court must determine if the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12. When reviewing the decision of the common pleas court as to factual matters, we are limited to determining whether the trial

court abused its discretion in determining whether the administrative decision is supported by reliable, probative, and substantial evidence. *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.*, 92 Ohio App.3d 585, 588, 636 N.E.2d 407 (10th Dist.1993).

{¶25} As to matters of law, however, we are not limited to an abuse-of-discretion standard, since the common pleas court does not exercise discretion as to such issues. *Westfall v. Ohio Dept. of Commerce*, 10th Dist. Franklin No. 93AP–1067, unreported, 1994 WL 21860 (Jan. 25, 1994). Instead, we must make our own determination of the law to be applied to the facts in the case. *Traub v. Warren Cty. Bd. of Commrs.*, 114 Ohio App.3d 486, 489, 683 N.E.2d 411 (10th Dist.1996), citing *Franklin Cty. Bd. of Commrs.,* supra*.*

{¶26} The General Assembly granted adjudicatory power to the board pursuant to R.C. 124.03 and 124.34. Pursuant to those statutes, the board is authorized to hear an employee's appeal from an appointing authority's removal order and to "affirm, disaffirm, or modify" the order. In enacting the statutes, the General Assembly granted the board broad powers to review an appointing authority's decision and to disaffirm an employee's discharge not only when the appointing authority acted arbitrarily, unreasonably, or unlawfully, but also when the board finds in an independent review that the decision regarding discharge is improper or unnecessary. *State ex rel. Ogan v. Teater* , 54 Ohio St.2d 235, 245, 375 N.E.2d 1233 (1978), reaffirmed *Jones v. Franklin Cty. Sheriff,* 52 Ohio St.3d 40, 43, 555 N.E.2d 940 (1990); *Ohio State Univ. v. Kyle,* 10th Dist. Franklin No. 06AP–168, 2006-Ohio-5517, at ¶ 23. See also *Beeler v. Franklin Cty. Sheriff,* 67 Ohio App.3d 748, 752, 588 N.E.2d 879 (10th Dist.1990) [stating "[c]ourts have interpreted R.C. 124.03 to provide great latitude to the [board] to alter decisions of appointing authorities"].

{¶27} The findings of the agency are not conclusive, but the trial court must give due deference to the administrative agency's resolution of evidentiary conflicts. *Conrad,* 63 Ohio St.2d at 111; *Gallagher,* 2007-Ohio-847 at ¶ 14. See also *Jones,* 52 Ohio St.3d at 43, citing *Graziano v. Amherst Exempted Village Bd. of Edn.* , 32 Ohio St.3d 289, 293, 513 N.E.2d 282 (1987) [noting "due deference must be accorded to the findings and recommendations of the [ALJ] * * * because it is the [ALJ] who is best able to observe the demeanor of the witnesses and weigh their credibility"].

{¶28} When the evidence supports the SPBR's decision, the common pleas court must affirm the board's decision and has no authority to modify the penalty. *Ogan,* 54 Ohio St.2d 235; *Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233, 163 N.E.2d 678 (1959); *Kyle,* 2006-Ohio-5517 at ¶ 27. Under such circumstances, the common pleas court may not substitute its judgment for that of the board. *Id.*, citing *Steinbacher v. Louis*, 36 Ohio App.3d 68, 520 N.E.2d 1381 (8th Dist.1987). On the question of whether the board's order is in accordance with the law, the appellate court's review is plenary. Id. If the common pleas court abused its discretion or committed legal error, the appellate court may reverse, vacate, or modify the judgment of the common pleas court. R.C. 119.12.

{¶29} Thus, we must resolve whether the Common Pleas Court abused its discretion and improperly substituted its judgment for that of the SPBR when the Court reversed the board's order modifying appellant's removal to a suspension and reinstated the removal order of the LCVSC. In the instant case, the ALJ and the SPBR determined appellant was insubordinate, but also found the insubordination to be tempered by a number of significant factors. The ALJ observed:

Indeed, to many, [a]ppellant would seem to be a heroic anti-bureaucrat, flouting technical requirements in favor of the veteran whenever he or she had a common sense "need" for aid not expressly authorized by policy. But [a]ppellant's rogue conduct is nonetheless flatly insubordinate (even though well intended and perhaps producing "good" results some of the time from the veteran's viewpoint).

* * * *.

Further, [a]ppellant agreed that he unilaterally gave money to a veteran to get his tools of trade out of storage. Appellant confirmed that he funded a lift chair for a veteran and "immediate" cash assistance exceeding lifetime caps. Many of these endeavors would seem reasonable to the average taxpayer for a veteran with a demonstrated need.

At the same time though, this conduct demonstrates that [a]ppellant was intentionally refusing oversight from the LCVSC by not letting them know what he was doing. Also, just because LCVSC may have approved something similar in the past did not give [a]ppellant a legal precedent to exclude prior notification to LCVSC on prospective requests.

* * * *.

Report and Recommendation, 4.

{¶30} The SPBR has the authority to modify an appointing authority's punishment of a classified employee if it considers the punishment to be unduly harsh in light of mitigating circumstances present in the case. *Scott v. Reinier*, supra, 60 Ohio App.2d at 292; *Maiden*, supra, 16 Ohio App.3d at 199–200; *Steinbacher v. Louis*, 36 Ohio App.3d 68, 70, 520 N.E.2d 1381 (8th Dist.1987). Where there is reliable, probative, and substantial evidence supporting the SPBR's order modifying the punishment meted out by the appointing authority, the trial court may not substitute its judgment for that of the SPBR. *Id.* at 71.

{¶31} Here, the Court of Common Pleas focused upon the finding of insubordination and ignored the mitigating factors cited by the ALJ. The ALJ also found that LCVSC did not prove appellant neglected his duty in failing to uncover the embezzlement, did not prove appellant kept old mail around the office leading to delays in aid awards, and did not prove appellant was negligent about burial reporting. Report and Recommendation, 7. As there is evidence in the record to support these findings, the evidence of record supports the SPBR's order lessening appellant's removal to demotion and a time-served suspension. The trial court abused its discretion when it substituted its judgment for that of the SPBR concerning appellant's punishment. See, *Traub v. Warren Cty. Bd. of Commrs.*, 114 Ohio App.3d 486, 491, 683 N.E.2d 411 (10th Dist.1996).

{¶32} The SPBR has the authority to modify an appointing authority's punishment of a classified employee if it considers the punishment to be unduly harsh in light of mitigating circumstances present in the case. *Franklin Cty. Sheriff v. Frazier*, 174 Ohio App.3d 202, 2007-Ohio-7001, 881 N.E.2d 345, ¶ 23 (10th Dist.), citing *Traub,* supra,

114 Ohio App.3d at 491; *Maiden*, supra, 16 Ohio App.3d at 199–200.  The SPBR's power to modify the decision of an appointing authority includes the power to modify a removal order to a suspension order. *Maiden; Steinbacher,* supra.

{¶33} In the instant case, LCVSC's failure to prove three of the most serious charges against appellant is a mitigating factor apparent on the record, and it supports the board's decision to modify appellant's penalty from removal to suspension. *Franklin Cty. Sheriff v. Frazier*, supra, 2007-Ohio-7001 at ¶ 24.  Additionally, other factors the ALJ discussed, though not specifically identified as "mitigating factors," support the decision of the ALJ and the SPBR to modify the penalty of removal: (1) appellant is a Bronze Star sergeant and "an accomplished *get things done* administrator (emphasis in original), (2) appellant admitted his culpable conduct to the investigator (although he backtracked with denials and a "self-serving and strained interpretation of policy"), and (3) appellant gave nearly "10 years of passionate service to veterans" and his prior disciplinary record consisted solely of a written reprimand.

{¶34} Because evidence in the record supports the decision of the SPBR to reduce appellant's punishment from removal to demotion and suspension, the trial court abused its discretion when it substituted its judgment for that of the SPBR concerning appellant's punishment. Accordingly, we sustain appellant's assignment of error. The judgment of the Licking County Court of Common Pleas is reversed, and the SPBR's order is affirmed.

**CONCLUSION**

{¶35} Appellant's sole assignment of error is sustained and the judgment of the

Licking County Court of Common Pleas is reversed and the order of the SPBR is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.